**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRYAN R. RAMER,

      Petitioner-Appellant,

v.

RITA MAXWELL,

      Respondent-Appellee.

No. 00-5110
(D.C. No. 97-CV-383-B)
(N.D. Okla.)

**ORDER AND JUDGMENT**  *

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      Petitioner Bryan R. Ramer seeks a certificate of appealability (COA) permitting him to appeal the district court's order denying relief on his petition

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for a writ of habeas corpus. Having determined that Mr. Ramer has failed to make "a substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

In 1978, Mr. Ramer was convicted in state court of kidnapping and armed robbery. After accepting his guilty plea, the court sentenced Mr. Ramer to two ten-year terms on the kidnapping charges and two twenty-five year sentences on the armed robbery charges, to run concurrently. In 1983, Mr. Ramer escaped from prison by not returning from a pass. He was apprehended the next day following a "shoot out" with New Mexico law enforcement officers. He remained in jail in New Mexico until 1992 serving the resulting sentences. In 1984, Oklahoma placed a detainer on him. Thus, upon service of the New Mexico sentences, Mr. Ramer was returned to Oklahoma.

When Mr. Ramer returned to Oklahoma, a prison misconduct report was served on him charging him with escape. [1] A hearing was held and Mr. Ramer was found guilty of escape. Consequently, all his earned good time credits were revoked.

Mr. Ramer then commenced this habeas action. In his complaint, he alleged he was denied due process because he did not receive adequate notice of the impending administrative charges stemming from his escape and he was

---

[1]     No state charges of escape were filed.

denied an impartial tribunal at the hearing on those charges. Mr. Ramer also alleged his sentence has been increased due to the ex post facto application of various new laws. He stated when he was sentenced, Oklahoma awarded good time credits to inmates who donated blood. Those credits were later discontinued and Mr. Ramer alleged he was denied credits he otherwise could have received had he been permitted to donate blood and had the law not changed. Mr. Ramer also alleged that at the time of his 1978 conviction, any credits lost due to misconduct reports were to be restored after six months of clear conduct, while currently no inmate convicted of a violent crime can have his credits restored. Mr. Ramer noted that, at the time he was sentenced, he would have been eligible for a public works program if he had not had an escape on his record for the past ten years counting from the date of the escape. Current policy counts the ten years from the date the inmate is served with the misconduct report, in his case approximately nine years after the escape. Finally, Mr. Ramer alleged he was not given credit for the nine days he was incarcerated by the transport company when he was transferred back to the Oklahoma prison system and he was erroneously sent to a maximum security unit where he was not permitted to work and earn good time credits. Mr. Ramer concluded that the Oklahoma Department of Corrections (ODOC) had refused to properly administer his sentence and to properly credit his good time credits.

The district court construed Mr. Ramer's complaint as being filed under 28 U.S.C. § 2254 and dismissed all the claims except two for failure to exhaust. The case continued on Mr. Ramer's claims that his due process rights had been violated because he did not receive adequate notice of the pending escape charges and had been denied an impartial tribunal, and that he had been subjected to ex post facto laws because his sentence had been increased when his earned credits were totally revoked and credits were denied for donating blood. The district court determined that no violations had occurred and denied relief.

On appeal, Mr. Ramer argues that he did not get adequate notice that Oklahoma was planning to charge him with escape upon his return to the state. He contends that the doctrine of latches prevents Oklahoma from prosecuting the misconduct report. Mr. Ramer also asserts that the hearing committee was biased because it refused to let him present his defense. Mr. Ramer also raises several ex post facto issues claiming the ODOC (1) increased the number of earned credits that could be revoked for a rule violation after he committed the crimes of which he was convicted, but before he violated the rules and (2) eliminated his ability to earn good time credits by donating blood.

First, we must examine whether this action is properly considered as one taken pursuant to § 2254 or § 2241. Habeas review is available under § 2241 when an inmate seeks to attack the execution of a sentence, rather than to

collaterally attack the validity of a conviction and sentence, an action properly brought pursuant to § 2254. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997). "[A] § 2241 action challenging prison disciplinary proceedings, such as the deprivation of good-time credits, . . . is challenging an action affecting the fact or duration of the petitioner's custody." Id. at 812. Thus, Mr. Ramer's petition is more properly construed as having been brought under § 2241.

A state prisoner, such as Mr. Ramer, "must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of [in the petition] arises out of process issued by a State court.'" Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (quoting § 2253(c)(1)(A)). To obtain a COA, a habeas petitioner must make "a substantial showing of the denial of a constitutional right [which] includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000) (quotations omitted).

We have reviewed the district court's judgment in light of Mr. Ramer's submissions to this court and the record on appeal. We agree that Mr. Ramer has failed to establish that the state court decision "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2).

We DENY Mr. Ramer's request for a certificate of appealability and DISMISS this appeal. Mr. Ramer's two motions to supplement and amend his petition are DENIED. Mr. Ramer's motion to order the district court to comply with appellate rules is DENIED. Mr. Ramer's motion to withdraw his motion to order the district court to comply with appellate rules is DENIED as moot. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge